UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

JP MACK INDUSTRIES LLC                                        CIVIL ACTION

v.                                                            NO. 13-4888

MOSAIC FERTILIZER, LLC, ET AL.                                SECTION "F"

ORDER AND REASONS

Before the Court is Mosaic Fertilizer, LLC's motion to dismiss the complaint for failure to state a claim. For the reasons that follow, the motion is GRANTED.

**Background**

This litigation arises out of a construction project nonpayment dispute between Mosaic Fertilizer, LLC, as owner, CCC Group, Inc., as general contractor, and JP Mack Industries, L.L.C., as subcontractor.

Mosaic Fertilizer, LLC owns and operates a chemical plant in Uncle Sam, Louisiana. Mosaic hired CCC Group, Inc. as general contractor to complete some construction work at its plant. In October 2011 CCC Group, Inc., as general contractor, contracted with JP Mack Industries LLC, as sub-contractor; JP Mack agreed to furnish labor, equipment, and materials to complete roofing and siding work at Mosaic's chemical plant.

During the course of JP Mack's work, CCC Group and Mosaic approved change orders totaling approximately $965,369.28, which caused JP Mack to incur $388,927.97 in overtime and equipment

1

expenses above the original contract estimate.  Overall, JP Mack incurred an approved $1,649,490.91 above the original contract price.  JP Mack has rendered all services and delivered all materials in accordance with the original contract and all change orders.  Nevertheless, JP Mack has been only partially paid for its services and materials; it is still owed $639,593.49.

On May 15, 2013 JP Mack sued Mosaic Fertilizer, LLC and CCC Group, Inc. in state court for nonpayment; in particular, JP Mack asserts open account and late payment claims against CCC Group and asserts unjust enrichment and third-party beneficiary theories of recovery against Mosaic Fertilizer.  The defendants removed the case to this Court, invoking this Court's diversity jurisdiction.

Mosaic now seeks to dismiss the unjust enrichment and third-party beneficiary claims asserted against it.

I.

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Such a motion is rarely granted because it is viewed with disfavor.  See Lowrey v. Tex. A & M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997) (quoting Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir. 1982)).

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim

2

showing that the pleader is entitled to relief."  Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009)(citing Fed.R.Civ.P. 8).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Id. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Thus, in considering a Rule 12(b)(6) motion, the Court "accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"  See Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit, 369 F.3d 464 (5th Cir. 2004) (quoting Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999)).  But, in deciding whether dismissal is warranted, the Court will not accept conclusory allegations in the complaint as true. Kaiser, 677 F.2d at 1050.  Indeed, the Court must first identify allegations that are conclusory and, thus, not entitled to the assumption of truth. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). A corollary: legal conclusions "must be supported by factual allegations."  Id. at 678.  Assuming the veracity of the well-pleaded factual allegations, the Court must then determine "whether they plausibly give rise to an entitlement to relief." Id. at 679.

"'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Gonzalez v. Kay, 577 F.3d 600, 603 (5th Cir. 2009)(quoting Iqbal, 556 U.S. at 678)(internal

3

quotation marks omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations and footnote omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.").  This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. at 679.  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  Id. at 678 (internal quotations omitted) (citing Twombly, 550 U.S. at 557).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'", thus, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555 (alteration in original) (citation omitted).

Finally, "[w]hen reviewing a motion to dismiss, a district court 'must consider the complaint in its entirety, as well as other sources ordinarily examined when ruling on Rule 12(b)(6)

4

motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Funk v. Stryker Corp., 631 F.3d 777, 783 (5th Cir. 2011)(quoting Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007)).

## II.

Mosaic advances several grounds for dismissal. First, Mosaic contends that, as a matter of law, JP Mack's exclusive remedy against Mosaic would be under the Louisiana Private Works Act, La.R.S. 9:4801, but that JP Mack has failed to preserve this remedy. Second, and relatedly, Mosaic contends that JP Mack cannot recover under the theory of unjust enrichment because such a remedy is not available in light of the availability of a remedy provided by the Louisiana Act. Finally, Mosaic contends that JP Mack has failed to plead facts to support a third-party beneficiary or obligor theory of recovery. The Court addresses each ground in turn.

   A.  Subcontractor's "exclusive" remedy against owner?

Mosaic contends that JP Mack's exclusive remedy against it lies only in a claim under the Louisiana Private Works Act, La.R.S. 9:4801. In support of this exclusivity argument, Mosaic summarizes how a subcontractor perfects rights granted by the Private Works Act, which was "enacted to facilitate construction of improvements on immovable property and does so by granting to subcontractors,

among others, two rights to facilitate recovery of the costs of their work from the owner with whom they lack privity of contract." See Byron Montz, Inc. v. Conco Const., Inc., 824 So. 2d 498, 502-03 (La.App. 4 Cir. 7/24/02). The Private Works Act confers both a statutory claim (the right to personally sue the owner) and a privilege (which secures the claims against the owner on the immovable). See La.R.S. 9:4802(A) and La.R.S. 9:4802(B). But the validity of the claim and privilege is limited; La.R.S. 9:4823(A) imposes a preservation mandate. That is, if a claim against the owner and the privilege securing it is not preserved as required by La.R.S. 9:4822, then the claim is by law extinguished. La.R.S. 9:4823(A).

JP Mack does not dispute that the Private Works Act provides a remedy to subcontractors like it against owners like Mosaic, but disputes that the Act excludes all other remedies. JP Mack invokes La.R.S. 9:4802(D), which provides "[c]laims against the owner and the contractor granted by this Part are in addition to other contractual or legal rights the claimants may have for the payment of amounts owed to them." Certainly this statutory language is in direct conflict with Mosaic's exclusivity argument; indeed, the Court notes that the Louisiana legislature has demonstrated, in other contexts, that it can expressly mandate that a remedy is exclusive when it so desires. See, e.g., La.R.S. 23:1031 (Louisiana Workers' Compensation Act as "exclusive remedy).

But the Court need not determine whether the case literature has decreed, as a matter of law, that the Louisiana Private Works Act is the exclusive remedy for subcontractors seeking recovery for nonpayment from owners in the context of private construction contracts[1] because JP Mack concedes that it has not advanced a claim under the Act; JP Mack has failed to state an unjust enrichment claim; and has failed to allege facts sufficient to support a third-party beneficiary claim against Mosaic.

B.  Other Available Remedy Precludes Unjust Enrichment Claim?

Mosaic next contends that JP Mack's claim for unjust enrichment fails as a matter of law because such a remedy is not available in this case.  The Court agrees.

Article 2298 of the Louisiana Civil Code codifies Louisiana's doctrine of unjust enrichment:

> A person who has been enriched without cause at the expense of another person is bound to compensate that person....  The remedy declared here is <u>subsidiary</u> and shall not be available if the law provides another remedy for the impoverishment or declares a contrary rule.

La. Civ. Code art. 2298 (emphasis added).  To support a claim for

---

[1] <u>See</u>, <u>e.g.</u>, <u>United Disaster Response, L.L.C. v. Omni Pinnacle, L.L.C.</u>, 569 F. Supp. 2d 646 (E.D. La. Aug. 1, 2008)(Lemelle, J.)(noting that "there is case law showing that the Louisiana Private Works Act...provides the 'exclusive remedies available to parties proceeding thereunder" and citing <u>Siemens Building Technologies v. Jefferson Parish</u>, 298 F. Supp. 2d 415 (E.D. La. Jan. 9, 2004)); <u>Siemens Building Technologies, Inc. v. Jefferson Parish</u>, 298 F. Supp. 2d 415 (E.D. La. Jan. 9, 2004)(Duval, J.)(noting that the *Public* Works Act "is sui generis and provides exclusive remedies to parties in *public* construction work")(emphasis added).

unjust enrichment under Louisiana law, a plaintiff must show five elements:

> (1) there must be an enrichment;
> (2) there must be an impoverishment;
> (3) there must be a connection between the enrichment and the resulting impoverishment;
> (4) there must be an absence of "justification" or "cause" for the enrichment and impoverishment; and
> (5) there must be no other remedy at law available to the plaintiff.

Carriere v. Bank of Louisiana, 702 So.2d 648 (La. 12/13/96). Here, Mosaic contends that the no-other-remedy-at-law element cannot be satisfied. That the availability of other remedies at law (here, the Private Works Act) precludes an unjust enrichment claim. While there appears to be some support to the contrary,[2] the Court finds

---

[2] Other Sections of this Court have allowed plaintiffs to pursue unjust enrichment claims in the alternative to other remedies, seemingly in reliance on federal procedural law without analyzing the effect on Louisiana substantive law. See McCullum v. McAlister's Corp. Of Mississippi, No. 08-5050, 2010 WL 1489907 (E.D. La. Apr. 13, 2010)(Lemmon, J.)(finding that Louisiana law permits unjust enrichment to be pleaded in the alternative); see also ORX Resources, Inc. v. Autra, No. 09-4451, 2009 WL 3447256 (E.D. La. Oct. 20, 2009)(Africk, J.)(finding that the federal rules permit a claim for unjust enrichment to be pleaded in the alternative); see also Mayer v. Lamarque Ford, Inc., No. 00-1325, 2001 WL 175232 (E.D.La. Feb. 16, 2001)(Clement, J.)(denying motion to dismiss unjust enrichment claim because the plaintiff pled unjust enrichment not as exclusive remedy but in the alternative to other claims for the same alleged wrong). Another Section of this Court has disagreed with that approach. Patterson v. Dean Morris, L.L.P., No. 08-5014, 2011 WL 1743617 (E.D. La. May 6, 2011)(Duval, J.)(holding that "[t]he availability of an alternative remedy bars [the plaintiff's] claim for unjust enrichment and entitles [the defendant] to summary judgment on her claim of unjust enrichment" and noting that the fact that the plaintiff failed to prevail on other remedies does not negate the fact that such remedies were available to the plaintiff). The state high court's ruling in Walters favors those courts that have held that the availability of

that the plain words of the Civil Code compel a finding that JP Mack cannot pursue an unjust enrichment claim. In Louisiana, by law, an unjust enrichment claim is a "subsidiary" claim, not an alternative claim.

Louisiana law precludes JP Mack's unjust enrichment claim. The Louisiana Supreme Court has observed that "[t]he mere fact that a plaintiff does not successfully pursue another available remedy does not give the plaintiff the right to recover under the theory of unjust enrichment." Walters v. MedSouth Record Mgmt., LLC, 38 So.3d 241, 242 (La. 6/4/10)(per curiam). In Walters, the plaintiff pursued tort claims against a medical records company that had charged the plaintiff's attorney to obtain certified records requested by the plaintiff. Id. The state trial court dismissed the tort claims on an exception of no cause of action based on prescription. Id. The plaintiff then amended his petition to allege that the company had been unjustly enriched by charging unauthorized fees. Id. The district court denied the company's exception of no cause of action and the state appellate court denied the company's requested relief. Id. Noting that the unjust enrichment remedy is "subsidiary in nature" and "only applicable to fill a gap in the law where no express remedy is provided," the Supreme Court reversed the judgment of the district court, granted

---

another remedy bars a plaintiff's claim for unjust enrichment, regardless of whether that plaintiff prevails in his pursuit of other remedies.

the exception of no cause of action, and dismissed Walters' suit with prejudice. Id. "Because the law provided plaintiff with another remedy," the state high court held, "we find he has failed to state a cause of action in unjust enrichment." Id. ("[h]aving pled a delictual action, we find plaintiff is precluded from seeking to recover under unjust enrichment").[3] The same state law principles drive this Court's decision because it is undisputed that the plaintiff has other remedies "available" to it within the meaning of Walters. See id. (citing Jim Walter Homes v. Jessen, 732 So.2d 699, 706 (La.App. 3 Cir. 3/31/99)("[t]o find that [the plaintiff] has no other remedy and to provide it one under unjust enrichment would be tantamount to allowing any plaintiff who let his cause of action prescribe, or any plaintiff who knowingly wrote a bad contract, to recover under an enrichment theory")); see also Morphy, Makosky, & Masson, Inc. v. Canal Place 2000, 538 So.2d 569, 572 (La. 1989)("the existence of a claim on an express or implied contract precludes application of *actio de in rem verso*, for there does not exist one of the latter's requirements, that there be no other remedy available at law (subsidiarity)"); see also Drs. Bethea, Moustoukas and Weaver LLC v. St. Paul Guardian Ins. Co., 376 F.3d 399, 409 (5th Cir. 2004)(affirming district court's dismissal of the plaintiff's unjust enrichment claim for failure to

---

[3]This was so even though the plaintiff failed to recover on his remedy at law because his delictual claim had prescribed.

state a claim, noting "Louisiana law provides that no unjust enrichment claim shall lie when the claim is based on a relationship that is controlled by an enforceable contract"); see also Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodaux, Inc., 922 F. Supp. 2d 567, 580 n.2 (E.D. La. Feb. 6, 2013)(Feldman, J.)(citing Walters and noting that unjust enrichment "shall not be available if the law provides another remedy"); General Accident Ins. Co. of America v. Aggreko, LLC, No. 11-1682, 2012 WL 6738217 (W.D. La. Dec. 28, 2012)(holding that the existence of a breach of contract remedy precludes pursuit of unjust enrichment claim and references other cases in federal district courts in Louisiana that interpret Walters to bar unjust enrichment claims that accompany alternative claims); Pinegrove Electrical Supply Co., Inc. v. Cat Key Constr., Inc., 88 So.3d 1097 (La.App. 5 Cir. 2/28/12)(holding that the supplier had available to it a remedy against the property owner under the Private Works Act and, thus, the supplier was precluded from asserting an unjust enrichment claim against the property owner).

The plaintiff's unjust enrichment claim against Mosaic must therefore be dismissed. State law, and precedent, strongly instruct dismissal.

    C.    Do the alleged facts support a third-party beneficiary claim?

Finally, Mosaic challenges the sufficiency of the plaintiff's allegations that it was a third-party beneficiary to the contract

(or change orders) between Mosaic and CCC Group. No third-party beneficiary claim is stated, Mosaic suggests, because the plaintiff has advanced no factual allegations that, if proven, would permit recovery under a third-party beneficiary theory. The plaintiff counters that, to comply with Rule 8, it need only allege grounds that entitle it to relief under *some* theory; JP Mack suggests that whether Mosaic was a third-party beneficiary or third-party obligor is a disputed factual matter to be determined through discovery, not by a motion to dismiss. The Court disagrees. State law is clear.

Louisiana's Civil Code provides that a contracting party may stipulate a benefit for a third person not a party to the contract; specifically, article 1978 provides:

> A contracting party may stipulate a benefit for a third person called a third party beneficiary.
> Once the third party has manifested his intention to avail himself of the benefit, the parties may not dissolve the contract by mutual consent without the beneficiary's agreement.

To establish a "stipulation pour autrui" (a contractual provision that benefits a third-party and gives the third-party a cause of action against the promisor for specific performance), there must be a clear expression of intent to benefit the third-party. See Stall v. State Farm Fire and Cas. Co., 995 So.2d 670 (La. App. 4th Cir. 2008). "A stipulation pour autrui is never presumed but, rather, the intent of contracting parties to stipulate a benefit in favor of a third-party must be made manifestly clear." See Paul v.

Louisiana State Employees' Group Ben. Program, 762 So.2d 136 (La. App. 1st Cir. 2000). "[T]he third-party relationship must form the consideration for a condition of the contract, and the benefit may not be merely incidental to the contract." Meyer v. Tufaro, 934 So.2d 861 (La. App. 4th Cir. 2006). Finally, the party demanding performance of an obligation pursuant to a stipulation pour autrui bears the burden of proving the existence of this obligation. See La.C.C. art. 1831.

JP Mack appears to allege the change orders executed between Mossaic and CCC Group conferred a benefit on JP Mack. But JP Mack's factual allegations are conclusory; the allegations (which merely conclude that JP Mack, as subcontractor, is a third-party beneficiary to the change orders between CCC Group as general contractor and Mosaic as owner) fall far short of demonstrating facial plausibility because JP Mack has not pleaded factual content that allows the Court to draw the inference that Mosaic is liable under a third-party beneficiary or obligor theory. See Iqbal, 556 U.S. at 678. Rather, JP Mack's allegations suggest that the benefit conferred upon it as subcontractor was merely incidental to the change orders between CCC Group and Mosaic; this falls short of stating a claim for stipulation pour autrui.[4] JP Mack's

---

[4] Moreover, it seems that JP Mack's position, if accepted, would mean that every contract between an owner and a general contractor confers a third-party benefit upon a subcontractor, as a matter of law. This cannot be under the circumstances of most private construction contracts. Indeed, if, as a matter of law,

13

"obligation to provide the 'grounds' of [its] 'entitle[ment] to relief'...requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (alteration in original) (citation omitted).

Accordingly, Mosaic's motion to dismiss is GRANTED.  The plaintiff's claims against Mosaic are hereby dismissed.[5]

New Orleans, Louisiana, September 4, 2013

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

general contracts between an owner and general construction contractor stipulated a benefit for subcontractors, then the Louisiana Private Works Act's provision of a remedy to subcontractors against owners would be an empty and unnecessary remedy.

[5] JP Mack would have this Court construct a cause of action against Mosaic based on the facts alleged; JP Mack suggests: "The petition...alleges the grounds for JP Mack's entitlement for relief.  Whether Mosaic was a third-party...obligor, maintained an open account with JP Mack, or was unjustly enriched...are disputed factual matters to be determined through discovery, but not on a motion to dismiss."  But JP Mack has failed to allege facts that, if proven, would allow for recovery from Mosaic.  Even if JP Mack had also attempted to allege an open account claim against Mosaic, that too must fail because JP Mack does not allege that it had privity of contract with Mosaic; indeed, if JP Mack had privity of contract with Mosaic, he would not have attempted to allege the other claims presented here.  See Builders Supply of Ruston, Inc. v. Qualls, 750 So.2d 427, 430 n.4 (La.App. 2 Cir. 1/26/00)("Where there is no contractual relationship between the parties, there can be no recovery on an open account basis").