UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

JP MACK INDUSTRIES LLC                                CIVIL ACTION

v.                                                    NO. 13-4888

MOSAIC FERTILIZER, LLC                                SECTION "F"

ORDER AND REASONS

Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed eight days prior to the noticed submission date. No memoranda in opposition to CCC Group, Inc.'s motion to dismiss and, in the alternative, motion to stay proceedings, noticed for submission on November 13, 2013, has been submitted.

Accordingly, the motion is deemed to be unopposed, and further, it appearing to the Court that the motion has merit,[1] IT

---

[1] CCC Group submits that, in connection with a construction project in Uncle Sam, Louisiana, it entered into a Subcontract Agreement with plaintiff, JP Mack Industries LLC, which contains a dispute resolution provision commanding that the parties ultimately resolve any disputes relating to the Agreement by submitting to binding arbitration. Notwithstanding the arbitration provision, JP Mack sued CCC Group in state court, alleging that CCC failed to pay JP Mack pursuant to the Agreement for labor and materials it provided for the construction project. CCC Group removed the suit to this Court and now invokes the parties' arbitration agreement.

There is a "strong federal policy in favor of enforcing arbitration agreements." Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 217 (1985). The Federal Arbitration Act requires that the Court enforce arbitration agreements by issuing an order directing the parties to submit to arbitration and staying litigation in any case raising a dispute referable to arbitration. 9 U.S.C. §§ 3-4. The FAA Provides:

1

IS ORDERED that the defendant's motion to dismiss and, in the alternative, motion to stay proceedings is GRANTED as unopposed; the parties are directed to proceed to binding arbitration in accordance with their agreement.  Because all of the issues are

---

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration. . . the court. . . shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement. . . .

9 U.S.C. § 3.  The FAA requires district courts to "compel arbitration of otherwise arbitrable claims, when a motion to compel arbitration is made." <u>Sedco, Inc. v. Petroleos Mexicanos Mexican Nat'l Oil Co.</u>, 767 F.2d 1140, 1147 (5th Cir. 1985).  Courts undertake a two-step inquiry when considering motions to compel arbitration.  <u>Washington Mut. Finance Group v. Bailey</u>, 364 F.3d 260, 263 (5th Cir. 2004).  The first step requires a finding that the parties agreed to arbitrate the dispute at issue. <u>Id.</u>  Second, upon such a finding, the Court must consider whether any federal statute or policy renders the claims nonarbitrable. <u>Id.</u>  The first determination requires two considerations: "(1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement."  <u>Webb v. Investacorp, Inc.</u>, 89 F.3d 252, 257-58 (5th Cir. 1996).  While state law governs the first consideration, "due regard must be given to the federal policy favoring arbitration, and ambiguities as to the scope of the arbitration clause itself must be resolved in favor of arbitration." <u>Id</u>. at 258.
    CCC Group has demonstrated, and JP Mack has not disputed, that (1) the parties' Agreement contains a valid agreement to arbitrate claims "relating to" their Agreement; and (2) the parties' dispute concerning whether JP Mack was paid for the construction materials and services it provided in connection with the Mosaic construction project falls within the scope of the parties' arbitration agreement. No federal statute or policy would render JP Mack's open account and late payment claims nonarbitrable.

referable to arbitration, the case is hereby dismissed.[2]

New Orleans, Louisiana, November 12, 2013

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[2] Although the FAA mandates a stay of a lawsuit pending arbitration (9 U.S.C. § 3), the Fifth Circuit has instructed that the district court may exercise its discretion to dismiss the lawsuit if all of the issues raised in the lawsuit must be submitted to arbitration.  See Adam Technologies Intern. S.A. de C.V. v. Sutherland Global Services, Inc., 729 F.3d 443, 447 n.1 (5th Cir. 2013)("Although Section 3 of the Federal Arbitration Act directs district courts to stay pending arbitration, we are bound by our precedent which states that dismissal is appropriate 'when all of the issues raised in the district court must be submitted to arbitration.'")(quoting Alford v. Dean Witter Reynolds, Inc., 975 F.2d 1161, 1164 (5th Cir. 1992)).